# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RANDALL LEE FIELDS,

    Petitioner,    Case Number: 2:06-CV-13373

v.    HON. VICTORIA A. ROBERTS

CAROL HOWES,

    Respondent.

_____/

## OPINION AND ORDER DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND REQUIRING RESPONSIVE PLEADING

Petitioner Randall Lee Fields has filed a *pro se* petition for a writ of habeas corpus. Fields, who is currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, challenges his convictions on two counts of third-degree criminal sexual conduct. Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed. For the reasons set forth below, the Court denies the Motion and orders Respondent to file an answer addressing the merits of the petition.

### I. Background

Following a jury trial in Lenawee County Circuit Court, Petitioner was convicted of two counts of third-degree criminal sexual conduct. He was sentenced on December 5, 2002, to 120 to 180 months imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims: (i) violation of *Miranda* rights; (ii) 404B more prejudicial than probative; and (iii) violation of truth in sentencing guidelines. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Fields*, No. 246041 (Mich. Ct. App. May 6, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Fields*, No. 126431 (Mich. Dec. 9, 2004).

On November 29, 2005, Petitioner then filed a petition for a writ of habeas corpus in this Court, presenting the claims presented in state court and a claim that his trial attorney was ineffective. *Fields v. Howes*, No. 05-cv-74618. On December 22, 2005, this Court issued an Opinion and Order dismissing the petition without prejudice because Petitioner failed to exhaust his state court remedies with respect to his ineffective assistance of trial counsel claim. The Court held that the one-year limitations found in 28 U.S.C. § 2244(d)(1) would be tolled from November 29, 2005, until Petitioner returned to federal court to pursue habeas relief provided that Petitioner presented his unexhausted claim to state court within thirty days and returned to federal court within thirty days of exhausting his state court remedies.

On July 18, 2006, Petitioner filed the pending petition for a writ of habeas corpus, challenging the same convictions challenged in the earlier petition. Petitioner presents only his exhausted claims in this petition. The petition was originally assigned to the Honorable Marianne O. Battani. On June 29, 2007, the matter was reassigned to the undersigned District Judge as a companion to Case No. 05-cv-74618.

Respondent filed a Motion for Summary Judgment on the ground that the petition was not timely filed. Petitioner has filed a Response to the Motion for Summary Judgment.

## II. Discussion

### A. Summary Judgment Standard

A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of a genuine issue of material fact for trial. The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

A fact is "material" if its resolution affects the outcome of the lawsuit. *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001). "Materiality" is determined by the substantive law claim. *Boyd v. Baeppler*, 215 F.3d 594, 599 (6th Cir. 2000). An issue is "genuine" if a "reasonable jury could return a verdict for the nonmoving party." *Henson v. Nat'l Aeronautics & Space Admin.*, 14 F.3d 1143, 1148 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248). Irrelevant or unnecessary factual disputes do not create genuine issues of material fact. *St. Francis Health Care Centre v. Shalala*, 205 F.3d 937, 943 (6th Cir. 2000). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000). Thus a factual dispute which "is merely colorable or is not significantly probative" will not defeat a motion for summary judgment which is properly supported. *Kraft v. United States*, 991 F.2d 292, 296 (6th Cir. 1993); *see also Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. BVR Liquidating, Inc.*, 190 F.3d 768, 772 (6th Cir. 1999).

A party opposing a motion for summary judgment must designate specific facts in

affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. If the non-moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

**B. Analysis**

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000).

In this case, Petitioner's time for filing a petition for a writ of certiorari in the United States Supreme Court began to run on December 10, 2004, the day after the Michigan Supreme Court denied leave to appeal his conviction. *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (citing Supreme Court Rule 30 which states that in calculating the ninety-day window for filing a petition for writ of certiorari, "the day of the act, event, or default from which the designated period begins to run is not included"). The ninety-day period during which Petitioner could petition for a writ of certiorari concluded on March 9, 2005. The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Bronaugh*, 235 F.3d at 285. Accordingly, the limitations period commenced on March 10, 2005.

Petitioner filed his first habeas petition on November 29, 2005, thus tolling the limitations period with 100 days remaining. The Court dismissed the petition without prejudice

4

on December 22, 2005. Respondent argues that the limitations period resumed running on that date and expired 100 days later because petitioner did not file a motion seeking collateral review in state court.

In response to the Motion for Summary Judgment, Petitioner states that, after receiving the Court's Order of dismissal, he contacted the State Appellate Defender Office, requesting guidance. Petitioner attaches to his response a letter in response to this inquiry from the Deputy Director of the State Appellate Defender, Lansing Office, advising him that he had available to him two options: (1) filing a motion for relief from judgment in the trial court; or (2) omitting his unexhausted ineffective assistance of counsel claim from his federal habeas petition and proceeding only with the exhausted claims.

Petitioner states that he then sent a letter dated January 14, 2006, to the clerk of this Court, indicating his decision to delete his unexhausted claim from his habeas petition and to proceed only with his exhausted claims. Petitioner attaches a copy of the letter to his response to the Motion for Summary Judgment. Although the letter references Case Number 05-cv-74618, the letter was not docketed in that case, nor was its receipt documented by the Clerk of Court in any way.

If the Court had been made aware of this letter, the Court would have reopened the habeas proceeding, permitting Petitioner to proceed with his exhausted claims, and directed Respondent to file a responsive pleading. As noted, the docket sheet does not reflect receipt of the letter. Nevertheless, the Court finds Petitioner's letter persuasive, particularly because it is supported by a letter from the State Appellate Defender Office which is consistent with Petitioner's representations. Drawing all reasonable inferences in favor of Petitioner, the Court

5

concludes that Petitioner has presented sufficient evidence to show that he sought to reopen his original habeas corpus proceeding within thirty days of the Court's dismissal of the petition. The Court must next decide whether Petitioner is entitled to equitable tolling of the limitation period from the date he filed the original petition until the date he filed the second, pending petition.

Although the Supreme Court has not yet decided whether equitable tolling of the AEDPA's one-year limitations period applies to otherwise untimely claims, *Lawrence v. Florida,* ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007), the Sixth Circuit has held that equitable tolling of the one-year limitations period may be appropriate in certain extraordinary circumstances. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence*, 127 S. Ct. at 1085.

The Court finds that Petitioner pursued his rights diligently by promptly seeking guidance from the State Appellate Defender Office after dismissal of his first habeas petition and promptly sending a letter to the Court providing notice of his decision to pursue only his exhausted claims in the federal habeas petition. In addition, Petitioner filed the pending petition in this court reasonably promptly after attempting to reopen the original proceeding. Second, the Court finds that the lost letter qualifies as an extraordinary circumstances which prevented his timely filing. *Accord Washington v. Ollison,* No. C 06-4490, 2007 WL 1378013, *3 (N.D. Cal. May 09, 2007) (holding habeas petitioner's lost mail was an "extraordinary circumstance beyond his control" warranting equitable tolling of the one-year limitations period).

The Court, therefore, finds that Petitioner is entitled to equitable tolling of the limitations period and denies the Motion for Summary Judgment.

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Respondent shall file an answer, in accordance with Rule 5, Rules Governing Section 2254 cases, addressing the merits of the application for a writ of habeas corpus on or before **September 30, 2007**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 27, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on July 27, 2007.

s/Carol A. Pinegar
Deputy Clerk